IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PELE LACRUZ WATKINS,              )
    Petitioner,                 )   Civil Action No. 09-50 Erie
                                  )
v.                                )
                                  )   Magistrate Judge Susan Paradise Baxter
MICHAEL B. MUKASEY,               )
    Respondent.                 )

# OPINION AND ORDER[1]

Petitioner Pele LaCruz Watkins filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 when he was in the custody of the Bureau of Prisons (the "BOP") and incarcerated at the Federal Correctional Institution McKean. He alleged that he was being "illegally confined/detained ... in violation of the Constitution...without due process of Law." [ECF No. 3 at 3]. He claimed that the BOP should release him from its custody immediately because he had satisfied a debt that he presumably owes to the United States. [Id. at 5]. Specifically, Petitioner alleged that he sent the Attorney General payment for a criminal judgment in case number 8:05-CR-174 (M.D. Fla.), and that the Attorney General accepted this payment. Petitioner claimed that "the Attorney General has failed to enter a satisfaction of judgement to discharge lein [sic], and remove obligation of service/labor from Petitioner owed to the United States due to Petitioner not paying debt." [Id. at 3].

Respondent has filed a Notice of Suggestion of Mootness indicating that the instant petition should be dismissed as moot because Petitioner was released from BOP custody on December 17, 2010.

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

[ECF No. 32]. Attached to Respondent's Notice is the Declaration of Vanessa Herbin-Smith, a Supervisory Paralegal employed with the BOP's Northeast Regional Office. [ECF No. 32-1].

**I.**

Mootness has been described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Rosetti v. Shalala, 12 F.3d 1216, 1224, n.19 (3d Cir. 1993) (citation omitted). The general principle of mootness is derived from the standing requirement set forth in Article III of the Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); see also Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 810-11 (3d Cir. 1989) ("Federal courts, having jurisdiction only to decide actual cases and controversies, are 'without the power to decide questions that cannot affect the rights of litigants in the case before them.'"), quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971). As such, "a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996). See also Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir. 2009), cert. denied, — U.S. — , 130 S.Ct. 458 (2009) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit."). Thus, if developments occur during the course of litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147.

Because Petitioner has been released from BOP custody, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the

litigation. Burkey, 556 F.3d at 147; Spencer v. Kemna, 523 U.S. 1, 7 (1998). He does not allege any collateral consequences that would allow this action to continue. Accordingly, there is no case or controversy for this Court to consider, and the petition will be dismissed as moot.[2]

**II.**

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be dismissed. An appropriate order follows.

---

[2] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PELE LACRUZ WATKINS,** | ) | |
| Petitioner, | ) | Civil Action No. 09-50Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **MICHAEL B. MUKASEY,** | ) | |
| Respondent. | ) | |

## ORDER

AND NOW, this 4th day of August, 2011;

IT IS HEREBY ORDERED that the Petition for Writ of Habeas corpus is DISMISSED. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record:

Pele LaCruz Watkins
42404-018
Cornell
2901 Industrial Blvd.
Las Vegas, NV 89109